# EXHIBIT A

8/18/2015 4:42:47 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-15-001101
Ruben Tamez

CAUSE NO. D-1-GN-15-003371

| | | |
|---|---|---|
| CUSTOPHARM, INC.<br>*Plaintiff,* | § | IN THE DISTRICT COURT |
| v. | §<br>§<br>§ | TRAVIS COUNTY, TEXAS |
| CHEMWERTH, INC.,<br>AND JOHN DOES 1-5<br>*Defendants.* | §<br>§<br>§<br>§ | 98TH JUDICIAL DISTRICT |

**PLAINTIFF'S VERIFIED ORIGINAL PETITION**
**AND REQUEST FOR DISCLOSURE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Plaintiff Custopharm, Inc. ("Custopharm"), through its undersigned counsel of record, and hereby files Plaintiff's Verified Original Petition and Request for Disclosure complaining of Defendant ChemWerth, Inc. ("ChemWerth"), and for cause of action would respectfully show the Court as follows:

## I. NATURE OF THE ACTION

1. This lawsuit asserts claims for declaratory relief and breach of contract arising out of a Service Agreement (the "Agreement") by and between Plaintiff and Defendants, and/or any of them. Plaintiff performed its duties under the Agreement and Defendants, and/or any of them, failed to turn over all amounts due under the Agreement for sales without deduction or offset and failed to provide financial reports in breach of the Agreement.

## II. DISCOVERY CONTROL PLAN

2. Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Discovery is intended to be conducted under Level 2.

## III. PARTIES

3. Plaintiff Custopharm, Inc. is a Texas corporation organized under the laws of the State of Texas.





4. Defendant ChemWerth, Inc. is a Connecticut corporation with its principal place of business located at 1764 Litchfield Turnpike, Ste. 202, Woodbridge, CT 06525. Peter J. Werth, Jr. is the Registered Agent of ChemWerth, and he can be served at 794 Robert Treat Dr., Orange, CT 06447.

5. Plaintiff has diligently and in good faith attempted to ascertain the names and identities of possible additional defendants, whose identities are presently unknown to Plaintiff. Such attempts included contacting presently known witnesses and contacting the Connecticut Secretary of State through its website. Despite the foregoing efforts, the identities of other defendants whose conduct may have been a legal cause of Plaintiff's complaints and/or damages currently remain unknown to Plaintiff. John Does 1-5 could be corporations, partnerships, limited liability companies, non-profit organizations or individuals.

6. Plaintiff alleges, upon information and belief, that, directly or indirectly, the conduct of the John Doe defendants was or may have been a legal cause of the matters complained of herein, and/or the damage or loss thereby sustained by Plaintiff as a result of which all defendants, identified and unidentified, may be legally, jointly and severally liable to Plaintiff for damages and losses sustained, inasmuch as the conduct of each defendant may have coincided with and/or concurred with that of each and every other defendant named and unnamed.

## IV. JURISDICTION

7. Plaintiff seeks damages and relief under the common law and statutory laws of the State of Texas, and the amount in controversy is within the subject matter and monetary jurisdiction of the District Court of Travis County, Texas. This Court has subject matter jurisdiction pursuant to Tex. Const. Art. 5, §8 and Tex. Gov't Code §§24.007 & 24.008.

8. Section VII, Item 1, Applicable Law, of the Agreement contains a "choice of law" or "governing law" provision and the Parties agreed that Texas law will be used to govern and interpret the Agreement as follows: "This Agreement is made under and will be governed by and construed in





accordance with the laws of the State of Texas."

## V. VENUE

9. Venue is proper in Travis County District Court pursuant to Tex. Civ. Prac. & Rem. Code §§15.002(a)(1), (4) & 15.005.

10. Section VII, Item 1, Applicable Law, of the Agreement contains a "forum selection" provision and the Parties agreed that the exclusive venue for all disputes relating to the Agreement shall be Austin, Texas as follows: "Exclusive venue for all disputes arising out of or relating to this Agreement shall be the State and Federal Courts in Austin, Texas, and each Party irrevocably consents to such personal jurisdiction and venue and waives all objections thereto."

## VI. CONDITION PRECEDENT

11. Plaintiff would show that all conditions precedent have been performed or have been waived.

## VII. FACTUAL BACKGROUND

12. The facts in this petition and application are verified by Plaintiff's verification, which is attached hereto and incorporated herein for all purposes.

13. This dispute arose out of ChemWerth's unilateral breach of contract of the Parties' Agreement by failing to turn over to Custopharm all amounts due under the Agreement for sales without deduction or offset and failing to provide financial reports according to the terms and conditions of the Agreement.

14. Custopharm and ChemWerth entered into the Agreement effective March 26, 2007.

15. In furtherance of the Agreement, Custopharm performed pharmaceutical product development services for ChemWerth.

16. ChemWerth provided products developed by Custopharm to its customers for compensation paid by the customer to ChemWerth.

17. According to the terms of the Agreement, ChemWerth turns over to Custopharm its





share of revenues from such products each quarterly reporting period.

18. ChemWerth was Custopharm's fiduciary arising as the result of the nature of the Agreement whereby Custopharm substantially trusts ChemWerth to account for all product sales, financial reports, compensation and turn over Custopharm's share to Custopharm.

19. ChemWerth holds a "superiority of position" over Custopharm, which may be demonstrated in material aspects of the breach at issue by a substitution of ChemWerth's will.

20. Section III, Item 4, Compensation, of the Agreement states "ChemWerth shall remit said amount [twenty-five (25%) percent or fifty (50%) depending on the product delivered], or a statement verifying that no amount is due, to Custopharm within thirty (30) days after March 31, June 30, September 30, and December 31, beginning after the Effective Date for payments received by ChemWerth in the previous quarter. Custopharm shall be entitled to compensation as set forth so long as Product sales occur, regardless of whether or not the Agreement is in effect."

21. ChemWerth missed no less than five (5) payment and reporting periods in violation of Section III, Item 4, Compensation, of the Agreement, including but not limited to, June 30, 2014, September 30, 2014, December 31, 2014, March 31, 2015 and June 30, 2015.

22. Section III, Item 5, Financial Reports, of the Agreement states "within thirty (30) days after March 31, June 30, September 30, and December 31, beginning after the first Product approval, ChemWerth must deliver to Custopharm a true and accurate written report, even if no payments are due Custopharm, giving the particulars of the business conducted by ChemWerth and its Customer(s), if any, during the preceding three (3) calendar months under the Agreement as are pertinent to calculating Custopharm compensation hereunder. Simultaneously with the delivery of each report, ChemWerth must pay to Custopharm the amount, if any, due for the period of each report and not previously paid pursuant to paragraph 4, above, of this Section III. The report will include at least: a.) the identity of each Customer; b.) the identity of each Product; c.) the quantities of Product sales that the Customer reports to ChemWerth; d.) the total payments for each Product





to ChemWerth; e.) the calculation of compensation thereon; and f.) the total compensation computed and due Custopharm."

23. ChemWerth has violated Section III, Item 5, Financial Reports, of the Agreement by failing to provide financial reports to Custopharm for no less than five (5) reporting periods, including but not limited to, June 30, 2014, September 30, 2014, December 31, 2014, March 31, 2015 and June 30, 2015.

24. ChemWerth's action and failure to give a full account of financial reports to Plaintiff constituted a breach of the fiduciary relationship between them.

25. Section III, Item 7, Form of Payment, of the Agreement states "all amounts payable here by ChemWerth must be paid in United States funds without deductions for taxes, assessments, fees, or charges of any kind."

26. Section V, Item 3, Default or Breach, of the Agreement states "In the event that either party shall be in default of its material obligations under the Agreement and shall fail to remedy such default within thirty (30) days after the receipt of written notice thereof, this Agreement may be terminated upon the expiration of the thirty (30) day period by the party not in default."

27. Custopharm provided ChemWerth written notice of breach on June 25, 2015 and July 15, 2015 as per Section V, Item 3, Default or Breach, of the Agreement.

28. Assuming arguendo, ChemWerth alleges Custopharm had previously breached the Agreement, ChemWerth failed to provide any written notice of breach to Custopharm as per Section V, Item 3, Default or Breach, of the Agreement.

29. Neither Party has terminated the Agreement.

30. Assuming arguendo, even if the Agreement was terminated, compensation is still owed to Custopharm as per Section V, Item 2, Termination, of the Agreement.

31. Section V, Item 2, Termination, of the Agreement states "with respect to Product





sales which occur after termination of the Agreement, and for which compensation is owed to Custopharm, such compensation shall continue to be owed to Custopharm for so long as sales occur, and the obligation to turn over such compensation to Custopharm for sales that occur after termination shall survive termination of this Agreement for any reason pursuant to Paragraph 4, below, of this Article V."

32. Section VII, Item 1, Applicable Law, of the Agreement states "this Agreement is made under and will be governed by and construed in accordance with the laws of the State of Texas. Exclusive venue for all disputes arising out of or relating to this Agreement shall be the State and Federal Courts in Austin, Texas, and each Party irrevocably consents to such personal jurisdiction and venue and waives all objections thereto."

33. Section VII, Item 6, Attorney's Fees, of the Agreement states "in the event that any suit or action is instituted to enforce any provision in the Agreement, the prevailing party shall be entitled to all costs and expenses of maintaining such suit or action, including reasonable attorneys' fees."

34. As a result of the foregoing, and ChemWerth's failure to perform its obligations under the Agreement, Custopharm has suffered harm.

## VIII. DECLARATORY ACTION AGAINST CHEMWERTH

35. Plaintiff incorporates paragraphs 1 through 34 of Plaintiff's Verified Original Petition as if set forth fully herein.

36. A bona fide dispute exists between Plaintiff and Defendants regarding the validity and enforceability of the compensation and financial reporting sections of the Agreement.

37. Plaintiff has a legal interest in the controversy, in that (among other things) its rights and duties under the Agreement relate to financial consequences that require adjudication.

38. The disputes alleged herein are ripe for adjudication.

39. Based on the foregoing facts, Plaintiff seeks a declaratory judgment from this Court





pursuant to Texas Uniform Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code §37.001 et seq., declaring:

(a) In furtherance of the Agreement, Custopharm performed services for ChemWerth;

(b) The compensation, financial reporting and form of payment sections of the Agreement are valid and enforceable;

(c) Defendants had and have no legal right to deprive Custopharm of its compensation or financial reports according to the terms of the Agreement;

(d) Defendants had and have no legal right to deduct or offset Custopharm's compensation according to the terms of the Agreement; and

(e) Custopharm is fully entitled to said compensation and financial reports according to the terms of the Agreement.

## IX. BREACH OF CONTRACT

40. Plaintiff incorporates paragraphs 1 through 39 of Plaintiff's Verified Original Petition as if set forth fully herein.

41. The Agreement is an enforceable contract, binding both Parties.

42. Plaintiff has performed or tendered performance according to the terms of the Agreement.

43. Defendants have materially breached the Agreement as described above by failing to turn over to Plaintiff its share of revenues according to the terms of the Agreement.

44. Defendants have further materially breached the Agreement as described above by failing to provide financial reports to Plaintiff according to the terms of the Agreement.

45. Defendants have violated its obligations under the Agreement.

46. Defendants' failure to adequately perform their obligations under the Agreement is a material breach thereof.





47. Defendants' breaches of the Agreement have directly and proximately resulted in damages to Plaintiff.

48. Plaintiff has been damaged by Defendants' breach of the Agreement and claims all damages.

49. By reason of the foregoing, Plaintiff has been damaged in an amount within the jurisdictional limits of the Court to be determined at trial, but at least $921,563 and in such further amounts as may be proven at trial.

## X. ACTION FOR ACCOUNTING

50. Plaintiff incorporates paragraphs 1 through 49 of Plaintiff's Verified Original Petition as if set forth fully herein.

51. Because financial reports have not been provided by ChemWerth as required by the Agreement, Custopharm is entitled to an accounting from ChemWerth for no less than five (5) reporting periods, including but not limited to, June 30, 2014, September 30, 2014, December 31, 2014, March 31, 2015 and June 30, 2015.

## XI. CONSTRUCTIVE TRUST

52. Plaintiff incorporates paragraphs 1 through 51 of Plaintiff's Verified Original Petition as if set forth fully herein.

53. A constructive trust is a legal fiction, a creation of equity to prevent a wrongdoer from profiting from wrongful acts.

54. Such trusts are remedial in character and have the broad function of redressing wrong or unjust enrichment in keeping with basic principles of equity and justice.

55. A constructive trust is a relationship with respect to property, subjecting the person or entity by whom the title to the property is held to an equitable duty to convey it to another on the ground that its acquisition or retention of the property is wrongful and that it would be unjustly enriched if it were permitted to retain the property.





56. The Defendant, ChemWerth, breached its fiduciary relationship and duties and further engaged in actual fraud.

57. Defendant, ChemWerth, would be unjustly enriched if the funds collected from customers intended for Custopharm remain in its legal title or in the legal title of other legal entities and not Custopharm.

58. Plaintiff asserts it can reasonably trace the properties, legal assets and money to an identifiable res after the appropriate discovery available under the Texas Rules of Civil Procedure.

59. Plaintiff seeks equitable relief by creating a constructive trust in favor of the Plaintiff on the following property: All amounts due Custopharm under the Agreement for sales without deduction or offset of Custopharm's compensation of two hundred twenty-five thousand one hundred seventy-five ($225,175.00) dollars, or such other number, that represents Custopharm's share each quarter for no less than five (5) reporting periods, including but not limited to, June 30, 2014, September 30, 2014, December 31, 2014, March 31, 2015 and June 30, 2015 according to Section III, Item 4, Compensation, and Item 7, Form of Payment, of the Agreement, and Custopharm's future share for each quarter throughout the pendency of litigation according to Section III, Item 4, Compensation, and Item 7, Form of Payment, of the Agreement.

60. Plaintiff requests that this Court impose for Custopharm's benefit a constructive trust over Custopharm's compensation according to Section III, Item 4, Compensation, and Item 7, Form of Payment, of the Agreement, together with all earnings and other value received by ChemWerth by virtue of its use of the property.

## XII. <u>ATTORNEYS' FEES</u>

61. It has been necessary for Plaintiff to employ the undersigned attorneys to represent the Plaintiff in this matter. Plaintiff is entitled, under Texas Civil Practice and Remedies Code Section 38.001, *et seq.*, to recover from Defendants reasonable and necessary attorneys' fees as Plaintiff's claims are based upon a written contract.





## XIII. REQUEST FOR DISCLOSURE

62. Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2.

## PRAYER FOR RELIEF

63. WHEREFORE, Plaintiff correspondingly prays as follows:

(a) Defendants be served with process and cited to appear and answer herein;

(b) Declaratory Judgment as requested in paragraph 39 that Custopharm performed according to the terms of the Agreement, cannot be deprived of its compensation and financial reports, ChemWerth cannot make unilateral deductions or offsets to Custopharm's compensation and/or ChemWerth's failure to compensate and provide financial reports to Custopharm was wrongful and in breach of the Agreement;

(c) An accounting from ChemWerth for no less than five (5) reporting periods, including but not limited to, June 30, 2014, September 30, 2014, December 31, 2014, March 31, 2015 and June 30, 2015;

(d) Imposition of a constructive trust over Custopharm's compensation and ordering ChemWerth to immediately deposit two hundred twenty-five thousand one hundred seventy-five ($225,175.00) dollars, or such other number, into the constructive trust that represents Custopharm's share each quarter for no less than five (5) reporting periods, including but not limited to, June 30, 2014, September 30, 2014, December 31, 2014, March 31, 2015 and June 30, 2015 according to Section III, Item 4, Compensation, and Item 7, Form of Payment, of the Agreement, and ordering ChemWerth to deposit Custopharm's future share for each quarter throughout the pendency of litigation into the constructive





trust according to Section III, Item 4, Compensation, and Item 7, Form of Payment, of the Agreement;

(e) Judgment against Defendants for actual damages in a sum within the jurisdictional limits of the Court in excess of $921,563;

(f) Judgment against the Defendants for consequential damages resulting from the above items;

(g) An award of exemplary damages against Defendants in a sum determined by the trier of fact for Defendants' intentional conduct;

(h) Prejudgment and post judgment interest at the maximum rate provided by law;

(i) Award Plaintiff reasonable and necessary attorneys' fees and costs of court, as provided by Tex. Civ. Prac. & Rem. §37.009; and

(j) All other relief, in law or in equity, to which Plaintiff may be entitled, or which the Court deems just and proper.

Respectfully submitted,

MOSTER WYNNE & RESSLER, P.C.

By: /s/ Lance Hevizy
*Filed Electronically*

Lance Hevizy
State Bar No. 24032418
lance@mwrlegal.com
Jack Reid
Texas Bar No. 24047706
jack@mwrlegal.com
620 Congress Avenue, Suite 320
Austin, Texas 78701
(512) 320-0601 Office
(512) 320-0695 Facsimile

*Attorneys for Plaintiff*
*Custopharm, Inc.*





OF COUNSEL:

Bradley L. Jacobs
Bradely L. Jacobs, AAL, APC
501 West Broadway, Ste. 1650
San Diego, CA 92101
(619) 233-9503 Telephone
(619) 233-3730 Facsimile
blj@attorneybradjacobs.com





**VERIFICATION**

STATE OF CALIFORNIA §
COUNTY OF SAN DIEGO §
§

I, the undersigned, certify and declare that I have read the foregoing Plaintiff's Verified Original Petition and Request for Disclosure, and know its contents. I am [ ] an officer [ ] a partner [ ] President of Custopharm, Inc., the Plaintiff in the above-entitled and numbered cause, and I am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am informed and believe and on that ground allege that the matters stated in the document described above are within my personal knowledge and are true and correct.

CUSTOPHARM, INC.

By: [signature]

WILLIAM LARKINS
Printed Name

CEO
Title

[*California Acknowledgement Page Follows*]





## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of San Diego )

On Aug. 17, 2015 before me, Douglas Desjardins
(insert name and title of the officer)

personally appeared William Charles Larkins,
who proved to me on the basis of satisfactory evidence to be the person~~(s)~~ whose name~~(s)~~ is/~~are~~ subscribed to the within instrument and acknowledged to me that he/~~she/they~~ executed the same in his/~~her/their~~ authorized capacity~~(ies)~~, and that by his/~~her/their~~ signature~~(s)~~ on the instrument the person~~(s)~~, or the entity upon behalf of which the person~~(s)~~ acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

OFFICIAL SEAL
DOUGLAS DESJARDINS
NOTARY PUBLIC-CALIFORNIA
COMM. NO. 1966743
SAN DIEGO COUNTY
MY COMM. EXP. JAN. 15, 2016

Signature Douglas Desjardins (Seal)





# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY)*: ______________ **COURT** *(FOR CLERK USE ONLY)*: ______________

**STYLED** PRAETORIAN GROUP INC. V. REISMART, LLC DBA INVESTABILITY, AND JOHN DOES 1-5
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

**1. Contact information for person completing case information sheet:**

Name: Lance Hevizy
Email: lance@mwrlegal.com
Address: 620 Congress Ave., Ste. 320
Telephone: (512) 320-0601
City/State/Zip: Austin, Texas
Fax: (512) 320-0695
Signature: /s/ Lance Hevizy
State Bar No: 24032418

**Names of parties in case:**

Plaintiff(s)/Petitioner(s):
Custopharm, Inc.

Defendant(s)/Respondent(s):
Chemworth, Inc.,
And John Does 1-5

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**

- ☒ Attorney for Plaintiff/Petitioner
- ☐ *Pro Se* Plaintiff/Petitioner
- ☐ Title IV-D Agency
- ☐ Other: ____

Additional Parties in Child Support Case:

Custodial Parent: ____

Non-Custodial Parent: ____

Presumed Father: ____

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

## *Civil*

**Contract**

*Debt/Contract*
- ☐ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☒ Other Debt/Contract: BREACH OF CONTRACT

*Foreclosure*
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract: ____

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation

*Malpractice*
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional Liability: ____
- ☐ Motor Vehicle Accident
- ☐ Premises

*Product Liability*
- ☐ Asbestos/Silica
- ☐ Other Product Liability List Product: ____
- ☐ Other Injury or Damage: ____

**Real Property**
- ☐ Eminent Domain/ Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property: ____

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus—Pre-indictment
- ☐ Other: ____

**Employment**
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment: ____

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other: ____

## *Family Law*

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void

*Divorce*
- ☐ With Children
- ☐ No Children

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other: ____

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Paternity/Parentage
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child: ____

**Tax**
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

## *Probate & Mental Health*

*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings
- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other: ____

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

**4. Indicate damages sought *(do no select if it is a family law case)*:**

- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100,000 but not more than $200,000
- ☐ Over $200,000 but not more than $1,000,000
- ☒ Over $1,000,000



COUNTY ... TEXAS ... COURT OF



# SUPPLEMENTARY PROBATE CASE INFORMATION SHEET
## TRAVIS COUNTY PROBATE COURT NO. 1

**CAUSE NO. C-1-PB-_______ - _________________**

**This sheet is a supplement to the Civil Case Information Sheet required by Texas Rule of Civil Procedure 78a. Both the Civil Case Information Sheet and this supplementary sheet should be completed whenever an original petition or application is filed in this Court.** Except for the case style, there's no duplication between the two sheets. If you are e-filing the original petition or application, an information sheet cannot be the lead document.

The information should be the best available at the time of filing, understanding that the information may change before trial. This information does not constitute a discovery request, response, or supplementation, and is not admissible at trial.

**1. Case style.** Please indicate the correct case style. For example, "Estate of Decedent's name," "Guardianship of the Person and Estate of Proposed Ward's name," or "Plaintiff(s) v. Defendant(s)." If "Plaintiff v. Defendant," list all parties; attach additional page as necessary (an estate or guardianship cannot be a party; it's the executor, administrator, or guardian who has the capacity to sue or be sued).

**2. Related case(s). Has this case been previously filed, or is it related to a case previously filed in this court or in another court?**

☐ No

☐ Yes, in this court. Cause No. C-1-PB-

(☐ - new case is guardianship after 1102; will be same cause number)

(☐ - new case is guardianship after chapter 48; new cause number & new style)

☐ Yes, in another court:

Court: Cause No.

Attach page(s) as needed. If you are attaching page(s) with information about additional related cases, check here: ☐

**3. Indicate case type (check only one):**

| Independent Administration | All Other Estate Proceedings | Ancillary Cases (new cause #) |
|---|---|---|
| ☐ Probate Letters Testamentary (independent) (PBL + 3020)<br>☐ Indep. Admin., Will Annexed (PAI + 3030)<br>☐ Indep. Admin. with Heirship (PAH + 3032)<br>☐ Foreign Will Letters (independent) (PWL + 3102)<br>**Dependent Administration**<br>☐ Dependent Administration (all dependent administrations: executor, will annexed, with heirship, or with heirship to follow) (PAD + 3031)<br>☐ Temporary Administration (PAT + 3019)<br>☐ Foreign Will Letters (dependent) PW1 + 3043) | ☐ Probate Muniment of Title (PMU + 3021)<br>☐ Muniment of Title **more than 4 years after date of death** (PMU + 3021)<br>☐ Heirship / No Administration (PHE + 3033)<br>☐ Small Estate Affidavit (PSM + 3040)<br>☐ Foreign Will Recording only (PWR + 3044)<br>☐ 252 Will Deposit or Application to Produce Will (PWD + 3041)<br>☐ 151 Application to Open Safety Deposit Box (PDB + 3103)<br>☐ 152 Emergency Intervention (funeral, burial, rental) (PEI + 3104)<br>☐ 1355 Custodial Account (887 + 3014)<br>☐ 1351 Sale of Property of Minor (PSP + 3035) | ☐ Ancillary action related to an Independent Administration (includes court-ordered severance) (PIA + 3115)<br>☐ Ancillary action related to a Dependent Administration (includes court-ordered severance) (PDA + 3116)<br>☐ Ancillary action related to Guardianship of an Adult (includes court-ordered severance) (PAA + 3117)<br>☐ Ancillary action related to Guardianship of a Minor (includes court-ordered severance) (PAM + 3118)<br>☐ Ancillary action that is in this court because a trustee is a party (includes court-ordered severance) (PTP + 3119) |
| **Guardianship / 1301 Trust – Adult** | **Guardianship / 1301 Trust – Minor** | **1102 Investigations & Chapter 48** |
| ☐ Guard'ship Adult Person only (PG1 + 3023)<br>☐ Guard'ship Adult Estate only (PG2 + 3024)<br>☐ Guard'ship Adult Per & Estate (PG3 + 3022)<br>☐ Guard'ship Adult Temporary (PGT + 3027)<br>☐ 1301 or QIT Trust Adult (867 + 3016)<br>☐ 1252 Appointment of Non-Resident Guardian – Adult (PNA + 3108)<br>☐ 1353 Incapacitated Spouse; Community Property (883 + 3015) | ☐ Guard'ship Minor Person only (PM1 + 3047)<br>☐ Guard'ship Minor Estate only (PM2 + 3049)<br>☐ Guard'ship Minor Per & Estate (PM3 + 3025)<br>☐ Guard'ship Minor Temporary (PMT + 3105)<br>☐ 1301 Trust Minor (86M + 3106)<br>☐ 1252 Appointment of Non-Resident Guardian – Minor (PNM + 3107) | ☐ Court Initiated / 1102 (PCI + 3028)<br>☐ Chapter 48 Protection (PEL + 3122)<br>**All Other Cases**<br>☐ Trust action not related to estate or guardianship (PBT + 3018) *(if related to estate or guardianship, see "ancillary cases" above)*<br>☐ 1354 Receivership of Minor or Incapacitated (PRM + 3120)<br>☐ 1356 Contracts of Minors (PCM + 3121) |

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on 9/18/2015

DISTRICT COURT OF TRAVIS COUNTY TEXAS

VELVA L. PRICE
DISTRICT CLERK
By Deputy: