IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CUSTOPHARM, INC.,<br><br>　　　Plaintiff,<br><br>v.<br><br>CHEMWERTH, INC., ET AL.,<br><br>　　　Defendants. | §§§§§§§§§§§§ | CIVIL ACTION NO. 1:15-cv-00841-RP |

**CUSTOPHARM, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
TO CHEMWERTH, INC.'S COUNTERCLAIMS**

　　　Plaintiff Custopharm, Inc. ("Custopharm"), by and through its undersigned attorneys, hereby responds to Defendant ChemWerth, Inc.'s ("ChemWerth") Answer, Affirmative Defenses, and Counterclaims, as filed January 15, 2016.

**COUNTERCLAIMS**

　　　1.　　The allegations in paragraph 1 assert conclusions of law to which no response is required. To the extent a response is required, denied.

　　　2.　　Custopharm has insufficient information to admit or deny the allegations of paragraph 2 and leaves Defendant to its proof.

　　　3.　　Admitted.

　　　4.　　Admitted.

　　　5.　　The allegations in paragraph 5 assert conclusions of law to which no response is required.

　　　6.　　The allegations in paragraph 6 assert conclusions of law to which no response is required. To the extent a response is required, Custopharm refers the Court to the Service Agreement (the "Agreement") as the best evidence of the quotation recited in paragraph 6.

**Factual Background**

7. Custopharm has insufficient information to admit or deny the allegations of paragraph 7 and leaves Defendant to its proof.

8. Custopharm has insufficient information to admit or deny the allegations of paragraph 8 and leaves Defendant to its proof.

9. Custopharm has insufficient information to admit or deny the allegations of paragraph 9 and leaves Defendant to its proof.

10. Denied.

11. Custopharm refers the Court to the Agreement as the best evidence of the quotation recited in paragraph 11; otherwise denied.

12. Custopharm refers the Court to the Agreement as the best evidence of the quotation recited in paragraph 12.

13. Custopharm refers the Court to the Agreement as the best evidence of the quotation recited in paragraph 13.

14. Custopharm refers the Court to the Agreement as the best evidence of the quotation recited in paragraph 14.

15. Custopharm refers the Court to the Agreement as the best evidence of the quotation recited in paragraph 15.

16. Custopharm has insufficient information to admit or deny the allegations of paragraph 16 and leaves Defendant to its proof.

17. Custopharm refers the Court to the Agreement as the best evidence of the products to be developed; otherwise denied.

18. Denied.

19. Denied.

20. Custopharm refers the Court to the Agreement as best evidence of the Agreement's terms and conditions; otherwise denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Custopharm denies it failed to perform under the Agreement. Custopharm has insufficient information to admit or deny the remaining allegations of paragraph 25 and leaves Defendant to its proof.

26. Custopharm has insufficient information to admit or deny the allegations of paragraph 26 and leaves Defendant to its proof.

27. Custopharm has insufficient information to admit or deny the allegations of paragraph 27 and leaves Defendant to its proof.

28. Denied.

29. Custopharm denies it failed to perform under the Agreement. Custopharm has insufficient information to admit or deny the allegations of paragraph 29 and leaves Defendant to its proof.

30. Custopharm has insufficient information to admit or deny the allegations of paragraph 30 and leaves Defendant to its proof.

31. Custopharm denies it failed to perform under the Agreement. Custopharm has insufficient information to admit or deny the allegations of paragraph 31 and leaves Defendant to its proof.

32. Custopharm admits it received written correspondence from Defendant in May 2015; otherwise denied as to the characterization.

33. Custopharm admits it was informed that Defendant indicated that it believed the quotation recited in paragraph 33; otherwise denied.

34. Custopharm has insufficient information to admit or deny the allegations of paragraph 34 and leaves Defendant to its proof.

35. Custopharm admits Defendant has withheld payment amounts to Custopharm under the Agreement; otherwise denied.

36. Denied.

## Count I – Breach of Contract

37. Custopharm hereby incorporates its responses to the paragraphs above as though fully set forth herein.

38. Custopharm admits there is an enforceable agreement between Custopharm and Defendant; otherwise denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Custopharm denies that Defendant is entitled to the relief requested in paragraph 53 and that Defendant has been damaged under the Agreement.

### Count II – Promissory Estoppel

54. Custopharm hereby incorporates its responses to the paragraphs above as though fully set forth herein.

55. Custopharm refers the Court to the Agreement as the best evidence of the Agreement's terms and conditions; otherwise denied.

56. Custopharm refers the Court to the Agreement as the best evidence of the Agreement's terms and conditions; otherwise denied.

57. Custopharm has insufficient information to admit or deny the allegations of paragraph 57 and leaves Defendant to its proof.

58. Denied.

59. Custopharm has insufficient information to admit or deny the allegations of paragraph 59 and leaves Defendant to its proof.

60. Denied.

61. The allegations in paragraph 61 assert conclusions of law to which no response is required. To the extent a response is required; denied.

62. Custopharm has insufficient information to admit or deny the allegations of paragraph 62 and leaves Defendant to its proof.

63. Custopharm denies that Defendant is entitled to the relief requested in paragraph 63.

### Count III – Attorney's Fees

64. Custopharm hereby incorporates its responses to the paragraphs above as though fully set forth herein.

65. Custopharm refers the Court to the Agreement as the best evidence of the quotation recited in paragraph 65; otherwise denied.

66. Custopharm denies that Defendant is entitled to the relief requested in paragraph 66.

67. Custopharm denies that Defendant is entitled to the relief requested in paragraph 67.

### Count IV – Declaration of Failed Performance

68. Custopharm hereby incorporates its responses to the paragraphs above as though fully set forth herein.

69. Custopharm refers the Court to the Agreement as the best evidence of the Agreement's terms and conditions; otherwise denied.

70. Custopharm refers the Court to the Agreement as the best evidence of the Agreement's terms and conditions; otherwise denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Custopharm denies that Defendant is entitled to the relief requested in paragraph 78.

79. Custopharm denies that Defendant is entitled to the relief requested in paragraph 79.

**Prayer for Relief**

Custopharm denies that Defendant is entitled to the relief requested in Defendant's Answer, Affirmative Defenses and Counterclaims, including specifically sub-paragraphs (a) through (g) of the "Prayer for Relief."

**ADDITIONAL AVERMENTS**

Custopharm denies all claims and allegations not unequivocally admitted herein.

**AFFIRMATIVE AND OTHER DEFENSES**

Custopharm asserts the following affirmative and other defenses, without waiving the foregoing, and without assuming any burden of production of proof that it would not otherwise have. Custopharm reserves the right to assert additional defenses as they become known during the course of discovery and trial preparation or otherwise.

**FIRST AFFIRMATIVE DEFENSE**

Custopharm is not liable to Defendant because Custopharm's performance under the Agreement was excused due to impossibility of performance.

**SECOND AFFIRMATIVE DEFENSE**

Custopharm is not liable to Defendant because Defendant did not mitigate damages.

**THIRD AFFIRMATIVE DEFENSE**

Custopharm is not liable to Defendant because Defendant's material breach and/or repudiation of the Agreement discharged Custopharm's obligations.

**FOURTH AFFIRMATIVE DEFENSE**

Custopharm is not liable to Defendant because of ambiguity.

**FIFTH AFFIRMATIVE DEFENSE**

There has been no injury in any amount, manner, or form by reason or cause of Custopharm's alleged acts or omissions.

### SIXTH AFFIRMATIVE DEFENSE

Custopharm is not liable to Defendant because there was failed and/or want of consideration for the Agreement.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant is banned from tacking on a claim for attorney's fees under the Declaratory Judgment Act as a vehicle to obtain otherwise impermissible attorney's fees onto its claim for attorneys' fees pursuant to Custopharm's alleged breach of the Agreement. *See MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 670 (Tex. 2009).

### EIGHTH AFFIRMATIVE DEFENSE

Custopharm is released from performance of the Agreement because of Defendant's own acts and omissions.

### NINTH AFFIRMATIVE DEFENSE

Custopharm is not liable to Defendant because there was a lack of, or only partial, consideration under the Agreement.

### TENTH AFFIRMATIVE DEFENSE

Defendant has waived any claims, and should be estopped from asserting claims, that it may have against Custopharm to the extent it has continued doing business with Custopharm under the Agreement.

### ELEVENTH AFFIRMATIVE DEFENSE

Some or all of Defendant's claims may be barred by the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

Some or all of Defendant's claims may be barred by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Defendant's claims may be barred by the doctrines of waiver and/or acquiescence.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Counter-Defendant Custopharm hereby prays for judgment as follows:

a. That Counter-Plaintiff ChemWerth take nothing by its counterclaims;

b. That Counter-Plaintiff ChemWerth's claims against Custopharm be dismissed with prejudice;

c. That Custopharm be awarded all costs and fees; and

d. That Custopharm be awarded any other and further relief to which this Court may find it to be entitled.

Respectfully Submitted,

MOSTER WYNNE & RESSLER, P.C.
620 Congress Avenue, Suite 320
Austin, Texas 78701
(512) 320-0601 Office
(512) 320-0695 Facsimile

By: */s/ Lance Hevizy*
Lance Hevizy
Texas State Bar No. 24032418
lance@mwrlegal.com

OF COUNSEL:
Bradley L. Jacobs (admitted *pro hac vice*)
BRADLEY L. JACOBS, AAL, APC
501 W. Broadway, Ste. 1650
San Diego, CA 92101
blj@attorneybradjacobs.com

ATTORNEYS FOR PLAINTIFF,
CUSTOPHARM, INC.

## **CERTIFICATE OF SERVICE**

On February 8, 2016, a copy of the foregoing Plaintiff Custopharm, Inc.'s Answer and Affirmative Defenses was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Lance Hevizy*
Lance Hevizy
