IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CUSTOPHARM, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:15-CV-841-RP |
| | § | |
| CHEMWERTH, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the Court is Plaintiff Custopharm, Inc.'s Motion for Summary Judgment, (Dkt. 52), on which the Court held a hearing last week. (Minute Entry, Dkt. 80).

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). "A fact issue is 'material' if its resolution could affect the outcome of the action." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174

(5th Cir. 2000). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The Court will view this evidence in the light most favorable to the non-movant, *Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993), and should "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

In the instant case, Plaintiff asserts it is entitled to summary judgment on its breach of contract claim because the evidence establishes, as a matter of law, that Defendant breached a services agreement between the parties and caused millions of dollars in damages to Plaintiff. (Mot. Summ. J., Dkt. 52, at 2). Defendant maintains that there are numerous material facts in dispute. (Resp., Dkt. 64, at 2).

The Court agrees with Defendant. The parties' filings and oral arguments both indicate that there are genuine disputes as to several material facts, including those related to whether Plaintiff's performance was commercially reasonable and whether Defendant in fact breached the services agreement. Plaintiff's Motion for Summary Judgment, (Dkt. 52), is therefore **DENIED**.

**SIGNED** on March 12, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE