IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CUSTOPHARM, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:15-CV-841-RP |
| | § | |
| CHEMWERTH, INC., et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Plaintiff Custopharm, Inc.'s Motion to Dismiss, (Dkt. 53). Plaintiff seeks dismissal of Defendant Chemwerth, Inc.'s claim for a declaratory judgment that Plaintiff failed to perform under the services agreement between the two parties. (Mot. Dismiss, Dkt. 53, at 2).

**I. STANDARD OF REVIEW**

"[T]he Texas Uniform Declaratory Judgment Act is not available to settle disputes already pending before the court." *Richter, S.A. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 939 F.2d 1176, 1197 (5th Cir. 1991) (internal quotation marks and citations omitted). For example, in *John Chezik Buick Co v. Friendly Chevrolet Co.*, 749 S.W.2d 591, 594 (Tex. App.—Dallas 1988, writ denied), a Texas appeals court found that a declaratory judgment counterclaim was not properly brought because the issue raised by the defendant—that no agency relationship existed—was already before the court as part of the plaintiff's case. But the Supreme Court of Texas has noted that "[i]n certain instances . . . a defensive declaratory judgment may present issues beyond those raised by the plaintiff." *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990) (citations omitted). In determining whether a defendant's defensive assertion of a declaratory judgment may proceed, the key question is therefore whether the defendant's claim presents issues beyond those already raised in the plaintiff's complaint.

1

## II. DISCUSSION

As a preliminary matter, the Court notes that there appears to be confusion between the parties as to the scope of Plaintiff's Motion to Dismiss. It is the Court's understanding that the instant motion relates only to Defendant's claim for a declaration of failed performance (and not to Defendant's claims for breach of the services agreement, breach of promissory estoppel, or attorney's fees). (*See, e.g.*, Reply, Dkt. 69, at 2 ("[T]he Court should grant Custopharm's motion to dismiss with respect to Defendant's counterclaim for a declaratory judgment.")). This order applies only to that claim.

In its Answer and Counterclaims, Defendant "seeks a declaration that [Plaintiff] has failed to perform services for [the product in question] and that, as a result, Plaintiff is prevented from enforcing compensation under the Services Agreement and/or enforcing any other agreement between the parties regarding [the product]." (Ans., Dkt. 19, ¶ 78). In the alternative, Defendant seeks a declaration that it may "reduce any compensation owed to [Plaintiff] for [the product] to recover for work on [the product] that had to be repeated as a result of [Plaintiff's] failed performance." (*Id.* ¶ 79). Defendant maintains that its counterclaim for declaratory judgment "has greater ramifications than [Plaintiff's] claims because it will settle all future disputes between the parties with respect to the royalties under the Services Agreement." (Resp., Dkt. 60, at 4).

The Court concludes, however, that Defendant's counterclaim for declaratory judgment merely restates Defendant's defenses to Plaintiff's breach of contract claim. (*See, e.g.*, Pl.'s Original Pet., Dkt. 1-1, ¶ 42 ("Plaintiff has performed or tendered performance according to the terms of the Agreement"); *id.* ¶ 43 ("[Defendant has] materially breached the Agreement . . . by failing to turn over to Plaintiff its share of revenues according to the terms of the Agreement.")). Defendant's counterclaim for declaratory judgment is therefore not properly before the Court and should be dismissed.

## III. CONCLUSION

Plaintiff's Motion to Dismiss, (Dkt. 53), is **GRANTED**. Defendant's counterclaim for a declaratory judgment is **DISMISSED**. The remainder of Defendant's counterclaims remain pending.

**SIGNED** on March 13, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE